UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BERNARD DUCKETT,

                              Plaintiff,

              -against-

CITY OF NEW YORK; JOHN DOE
OFFICER (23RD PRECINCT); JOHN DOE
OFFICER (23RD PRECINCT),

                              Defendants.

22-CV-10372 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the George R. Vierno Center, brings this *pro se*

action under 42 U.S.C. § 1983. He alleges that, after he pawned a piece of jewelry that he had

found, he was falsely arrested and maliciously prosecuted on robbery charges that were

eventually dismissed. By order dated December 8, 2022, the Court granted Plaintiff's request to

proceed *in forma pauperis*, that is, without prepayment of fees.[1] For the reasons set forth below,

the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this

order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff Anthony Duckett alleges the following facts. In November 2021, while walking on the Upper East Side of Manhattan, he found a small gold chain and picked it up. (ECF 2 at 4.) Plaintiff lives in Bronx County, New York, and a few days after he found the gold chain, he took it to a pawn shop in the Bronx. Plaintiff received "a few hundred dollars" from the pawn shop for the gold chain. (*Id.*)

Not long thereafter, police officers from the 23rd Precinct called Plaintiff to notify him that he was a person of interest in a robbery. Plaintiff "turned himself in" at the 23rd Precinct on December 30, 2021, and was arrested. Plaintiff contends that, when the arresting officer forwarded "the case to the prosecutor that handled the matter, there was no evidence to establish probable cause to believe the plaintiff was in fact the person who robbed the alleged victim," simply because he was in possession of the stolen property. (*Id.* at 5.)

Plaintiff was taken to Central Booking in Manhattan, arraigned in criminal court on robbery charges, and released on his own recognizance on December 31, 2021, with instructions to appear for further proceedings. On March 24, 2022, after Plaintiff had made several additional appearances, the case was dismissed.

Plaintiff brings this suit against the City of New York and two unidentified "John Doe" arresting officers. He asserts claims, under Section 1983, for false arrest and malicious prosecution, and seeks damages.

## DISCUSSION

### A.  False Arrest

Federal courts look first to state law to ascertain the elements of a Section 1983 false

arrest claim. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the

elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City

of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant

simply to guide rather than to control the definition of Section 1983 claims and courts should not

"mechanically apply" the law of New York State), *abrogated on other grounds by Thompson v.

Clark*, 142 S. Ct. 1332 (2022).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the

defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement,

(3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise

privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it

is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The

existence of probable cause to arrest constitutes justification and is a complete defense to an

action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal

quotation marks omitted).

Officers have probable cause to arrest when they "have knowledge or reasonably

trustworthy information of facts and circumstances that are sufficient to warrant a person of

reasonable caution in the belief that the person to be arrested has committed or is committing a

crime." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (emphasis and citation

omitted). "Probable cause can exist even where it is based on mistaken information, so long as

the arresting officer acted reasonably and in good faith in relying on that information." *Bernard

v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001)

(holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest").

Plaintiff alleges that police officers arrested him after determining that he had been in possession of recently stolen property. Generally, being in possession of stolen property is sufficient to "warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime," *Gonzalez*, 728 F.3d at 155. Plaintiff does not allege, for example, that the arresting officers were aware of additional information that would have cast doubt on this logical inference. Indeed, although Plaintiff states that the arresting officers "did not inquire as to how the Plaintiff came into possession of the jewelry" (ECF 2 at 6), he does not indicate that they were aware of his claim that he had found it. Plaintiff's allegations that he was arrested after pawning stolen property are insufficient to state a claim under Section 1983 that he was falsely arrested without probable cause.

## B.    Malicious Prosecution

Plaintiff also brings a claim against the police officers for malicious prosecution. In order to establish a Section 1983 claim for malicious prosecution, "a plaintiff must . . . establish the elements of a malicious prosecution claim under state law." *Frost v. New York City Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010)). Under New York law, a plaintiff must allege the following elements: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello*, 612 F.3d at 160-161.

A plaintiff need not show that the proceedings ended with an affirmative indication of innocence; rather, it is sufficient for a plaintiff to show that the proceedings ended without a conviction. *Thompson*, 142 S. Ct. at 1341. Moreover, "probable cause" for a malicious

prosecution claim means "probable cause to believe that [the prosecution] could succeed[.]" *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003). When pressing a malicious prosecution claim under Section 1983, a plaintiff must also show "that there was a sufficient post-arraignment liberty restraint to implicate his Fourth Amendment rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000).

A plaintiff may satisfy this first element "by showing that officers brought formal charges and had the person arraigned, or filled out complaining and corroborating affidavits, or swore to and signed a felony complaint." *Llerando-Phipps v. City of New York*, 390 F. Supp. 2d 372, 382-83 (S.D.N.Y. 2005) (citations omitted). Even if the officers did not themselves bring the charges, a plaintiff can establish this element of a malicious prosecution claim against defendant police officers who "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act," *Rohman*, 215 F.3d at 217, or where officers "create[d] false information likely to influence a jury's decision and forward[ed] that information to prosecutors," *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997), or "failed to make a complete and full statement of facts to the District Attorney, misrepresented or falsified evidence, withheld evidence, or otherwise acted in bad faith[.]" *Manganiello*, 612 F.3d at 160.

Here, Plaintiff alleges that officers forwarded information to prosecutors (ECF 2 at 5); he does not allege that the officers themselves brought formal charges and had him arraigned, or that they swore to and signed a felony complaint. Plaintiff contends that, when the officers forwarded the case to prosecutors "there was no evidence to establish probable cause to believe the plaintiff was in fact the person who robbed the alleged victim," just because he was in possession of the stolen property (*Id.*) These allegations do not suggest that the police officers "failed to make a complete and full statement of facts to the District Attorney,

misrepresented or falsified evidence, withheld evidence or otherwise acted in bad faith[.]" *Manganiello*, 612 F.3d at 160. Plaintiff thus fails to allege facts showing that officers were responsible for initiating or continuing the criminal proceeding against him, either because they did so directly or because they misled the prosecutor in some way. Because Plaintiff does not plead facts showing that the police officers, rather than prosecutors, initiated or continued the criminal proceeding against him, he fails to state a claim against the officers for malicious prosecution.

**C.      Claims Against the City of New York**

When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff has not stated a claim that any defendant violated his constitutional rights, and he does not state a claim that any policy custom, or practice of the City of New York caused

a violation of his rights. Plaintiff's claims under Section 1983 against the City of New York must

therefore be dismissed for failure to state a claim on which relief can be granted.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim for malicious prosecution, the Court grants Plaintiff 60

days' leave to amend his complaint to detail his claims and plead facts showing that police

officers initiated or continued the prosecution against him.

Plaintiff is granted leave to amend his complaint to provide more facts about his

malicious prosecution claims. In the "Statement of Claim" section of the amended complaint

form, Plaintiff must provide a short and plain statement of the relevant facts supporting each

claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must

provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff

wants the Court to consider in deciding whether the amended complaint states a claim for relief.

That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do,
    the approximate date and time of each event, and the general location where each
    event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-10372 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Section 1983 claims will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline to exercise supplemental jurisdiction of Plaintiff's state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

      SO ORDERED.

Dated:    December 19, 2022
            New York, New York

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

---

First Name                    Middle Initial              Last Name

---

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

---

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

---

Current Place of Detention

---

Institutional Address

---

County, City                            State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____