RECEIVED
SDNY PRO SE OFFICE
2023 JUL 21  PM 2: 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anthony Bernard Duckett

Write the full name of each plaintiff.

22 cv 10372

(Include case number if one has been assigned)

-against-

P.O. Brian Dobbins (sheid #1847)
P.O. John Bicocchi (sheild #1933)

**SECOND AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes  ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

Anthony / B / Duckett
First Name / Middle Initial / Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

2412200711
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

G.R.V.C
Current Place of Detention

09-09 Hazen Street
Institutional Address

East Elmhurst / NY / 11370
County, City / State / Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☑ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:
First Name: Brian
Last Name: Dobbins
Shield #: 1847
Current Job Title (or other identifying information): Police officer
Current Work Address: 1 police Plaza, Room 110-A
County, City: New York
State: NY
Zip Code: 10038

Defendant 2:
First Name: John
Last Name: Bicocchi
Shield #: 1933
Current Job Title (or other identifying information): Police officer
Current Work Address: 1 police Plaza, Room 110-A
County, City: New York
State: NY
Zip Code: 10038

Defendant 3:
First Name:
Last Name:
Shield #:
Current Job Title (or other identifying information):
Current Work Address:
County, City:
State:
Zip Code:

Defendant 4:
First Name:
Last Name:
Shield #:
Current Job Title (or other identifying information):
Current Work Address:
County, City:
State:
Zip Code:

Page 3

1

## Facts of the Incident

In late November 2021, while walking the upper east side of Manhattan, I found a small gold chain. Being from the Bronx, I went to the Pawn shop close to where I resided and sold the chain to the establishment for a few hundred dollars. The gold chain was sold to G.E.M pawn shop. I can't remember the exact dollar amount.

A few days later, I recieved a call from Detectives of the 23rd precinct notifying me to turn myself in because I was a person of interest in a Robbery. I informed officers over the phone I had simply found the gold chain while walking in Manhattan.

Upon Arriving at the 23rd precinct, I was arrested for Robbery 3rd by Detective Brian Dobbins (Sheild # 1847) and Detective John Bicocchi (Sheild # 1933) without the Detectives inquiring as to how I came into possession of the chain even though while being arrested I informed the officers I simply found the chain.

I was then taken to Manhattan Criminal Court and arraigned on Robbery charges. The date of my arrest

was on or about 12/30/21. The next day I was released and instructed to appear on a later date for further proceedings. After a few court dates, the case was dismissed on 3/24/22.

1

## False arrest claim

In analyzing a 1983 False arrest claim, the Court looks to the law of the state in which the arrest occurred (see Davis v. Rodriguez, 364 F.3d 424).

In New York, to prevail on a false arrest claim, a Plaintiff must show that: (1) the defendant intended to confine the Plaintiff, (2) the Plaintiff was conscious of the confinement, (3) the Plaintiff did not consent to the confinement and (4) the confinement was not otherwised Privilege (Curry v. City of Syracuse, 316 F.3d 324).

An arrest is Privileged if it is based on Probable cause, for probable cause is a complete defense to a false arrest claim (see Figueroa v. Mazza 825 F.3d 89).

To determine the existence of Probable Cause a Court considers the totality of the circumstances (Jenkins v. City of New York, 478 F.3d 76), based on "a full sense of the evidence that led the officer to believe that there was probable cause to make an arrest" (Stansbury v. Wertman, 721 F.3d 84).

In the matter before us, Detective Brian Dobbins (sheild #1847) and detective

2

John Bicocchi (sheild #1933) arrested the Plaintiff and filed a Criminal Court Complaint charging him with Robbery in the third degree (New York Penal law Section 160.05). The elements of that offense is the following: A person is guilty of Robbery in the third degree when he/she forcibly steals property (Robbery in the third degree is a class D felony).

Now although an arrest cannot be based on a mere hunch....."a probable cause determination does not require proof beyond a reasonable doubt, It is the mere probability of criminal activity, based on the totality of circumstances, that satisfies the Fourth admendment" (Dale v. Kelley, 908 F. Supp. 125).

If this Court reviews the circumstances in the instant matter, It will conclude that the facts in Detective's Dobbins (#1847) and Detective's Bicocchi's (#1933) possession at the time the Plaintiff was taken into custody did not even establish arguable probable cause to arrest the Plaintiff for Robbery in the third degree.

Unlike in Washington v. Kelly (2004 U.S. Dist. Lexis 23231), the alleged victim nor did an eyewitness state that the Plaintiff took the item in question from anyone. The Plaintiff's D.N.A or fingerprints

were not found on the scene of the alleged robbery nor was the Plaintiff captured on video footage committing the alleged crime.

Furthermore, Detective Dobbins (#1847) and Detective Bicocchi (#1933) did not have any cell-site evidence demonstrating that the Plaintiff was in the area at the time of the alleged crime nor did both officers have any evidence in their possession that disproved the Plaintiff's claims that he innocently found the chain on the street and was not aware if the item was stolen or simply lost by the original owner.

It cannot be reasonably concluded that because the Plaintiff pawned a piece of jewelry that he innocently found on the street that he was somehow connected to the incident in which this item was forcibly taken from someone violently.

An arrest is not unlawful so long as the officer has.... "probable cause to believe that the person arrested has committed any crime" (see Ackerson v. City of White Plains, 702 F.3d 15).

Whether probable cause existed for the actually invoked by the arresting officer at the time of the arrest is irrelevant (Id). For one to be charged with possession of stolen property, a person must have knowledge that the property is stolen.

4

knowledge that property is stolen may be shown circumstantially, such as by evidence of recent exclusive possession, defendant's conduct or contradictory statements from which guilt may be inferred (People v. Reisman, 29 N.Y. 2d 278).

For example, in People v. Zorcik (67 N.Y. 2d 670), defendant admitted having had possession of the vehicle within six hours after the theft was reported, his story that "John" had left the car with him for repair on august 12th or 15th, 1982 was contradicted by the owner, who testified that she had possession of the car until august 18th when it was stolen. The defendant was unable to identify "John" or furnish accurate information as to his whereabouts. The car's radio had been removed and the locks tampered with and the car had affixed to it the license plates of a vehicle which had been at defendant's shop just before being scrapped, thus affording defendants an opportunity to obtain those plates.

To the contrary, the circumstances in the incident in which the Plaintiff's false arrest claim arose does not demonstrate that the Plaintiff was in fact aware the item he pawned was stolen property and therefore he could not have even arrested for possession of stolen goods (see Tingley v.

5

United States, 34 F.2d 1). When discussing the question of whether one is chargable with possession of stolen goods in United States v. Koran (453 F.2d 144), Circuit Judge Doyle stated: "(1) It is, of course, essential that a defendant charged with possession of stolen goods must be shown to have had guilty knowledge (see Tingley v. United States, 34 F.2d 1).

In the instant matter, it was never established that the Plaintiff had recent exclusive possession of the fruits of the alleged Robbery nor was he arrested after giving implausible statements as to how he acquired the item. Just being in possession of stolen property is not enough to illustrate that there was probable cause to arrest a defendant for possession of stolen property (see Clarke v. State, 103 Ga. App. 739).

Due to the fact that the Plaintiff could not have been charged with Robbery in the third degree which he was arrested for or even charged with Possession of stolen property just because he pawned an item he was later notified was fruits of a crime, the Plaintiff was unlawfully seized and falsely arrested at the time he was taken into custody. Detective Dobbins (sheild #1847) and Detective

6

Bicocchi (sheild #1933) did not even attempt to place the plaintiff in a stationhouse line up in order to identify the Plaintiff as a suspect in the matter by means of speech, yet the Plaintiff was arrested and charged with robbery in the third degree without any evidence connecting him to the crime or any methods employed that are usually utilized by officers to identify someone as a suspect in a crime. Detective Dobbins (sheild #1847) and Detective Bicocchi (sheild #1933) utilized their assumptions to establish Probable Cause.

1

## Malicious Prosecution Claim

In order to prevail on a 1983 claim against a state actor for malicious prosecution, a Plaintiff must show a violation of his rights under the Fourth Amendment (see Murphy v. Lynn 118, F.3d 938) and must establish the elements of a malicious prosecution claim under state law (Id at 944).

To establish a malicious prosecution claim under New York law, a Plaintiff must prove "(1) the initiation or continuation of a criminal proceeding against Plaintiff, (2) the termination of the proceeding in the Plaintiff's favor, (3) Lack of probable cause for commencing the proceeding and (4) actual malice as a motivation for defendant's actions" (Murphy v. Lynn, 118 F.3d at 947 (quoting Russell v. Smith 68 F.3d at 36).

In order to initiate a prosecution, a defendant must do more than report the crime or give testimony. He must play an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (Rohman v. New York Transit Authority, 215 F.3d at 217).

A jury may permissibly find that a

defendant initiated a prosecution where he "Filed the charges" or prepared an alleged false confession and forwarded it to Prosecutors (Ricciuti v. New York Transit Authority, 124 F.3d at 130).

The Court has also noted, "a lack of probable cause generally creates an inference of malice" (Boyd v. City of New York, 336 F.3d at 78). To succeed on a malicious prosecution claim under 1983, a Plaintiff must show that criminal prosecution was initiated against the plaintiff and that the defendant "made, influenced or participated in the decision to prosecute" (Fox v. Desoto, 489 F.3d 227).

Now in the matter before us, Detective Dobbins (sheild #1847) and Detective Bicocchi (sheild #1933) falsely swore to misrepresented facts entailed in a felony complaint they generated and utilized to formally charge the plaintiff with robbery in the third degree.

Detective Dobbins (sheild #1847) and Detective Bicocchi (sheild #1933) forwarded this information to the Prosecutor and made it appear that the plaintiff forcibly took property from another by alleging facts that attempted to illustrate that because the plaintiff was in possession of property, he somehow was connected in the act of taking it from another

even though the Plaintiff informed both defendants before and after he was arrested that he was not in the area at the time of the alleged incident and had simply found the small chain on the street.

 Devoid of having any evidence or information to contradict the Plaintiff's claims of innocence, such as the Plaintiff being identified by the alleged victim, any eyewitness that was on the scene or cell-site evidence to contradict or confirm the Plaintiff's claims he was not in the area, Detective Dobbins (sheild #1847) and Detective Bicocchi (sheild #1933) withheld this information from the Prosecutor to make it seem that the Plaintiff did not have any explaination of how he aquired the property to bolster their position that since the Plaintiff possessed the item, he must have forcibly took it, which establishes Both defendants initiated the prosecution in this matter with malice when they formally filed charges against the Plaintiff that was not supported by any evidence establishing Probable cause that the Plaintiff forcibly took property from another.

 Due to there being no probable cause or evidence to commence the proceedings, the charges were dropped against the Plaintiff a few court after the initial arraignment in criminal court.

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 23rd precinct

Date(s) of occurrence: 12/30/21

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

— See Attached —

Page 4

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Loss of liberty
Mental anguish
humiliation
Degradation

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

I'm suing each Defendant for 2 million Dollars in Compesatory damages and 2 million Dollars in punitive damages.

Page 5

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated: 7/9/23

Plaintiff's Signature

First Name: Anthony
Middle Initial: B
Last Name: Duckett

Prison Address: 09-09 Hazen Street

County, City: East Elmhurst
State: NY
Zip Code: 11370

Date on which I am delivering this complaint to prison authorities for mailing: 7/10/23

Page 6

A Duclat 241200711
9-09 Hazen Street
East Elmhurst, NY, 11370

USPAID SDNY

Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

MID-ISLAND NY 117
11 JUL 2023 PM 5 L